IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KEENAN DEWAYNE MOORE | § | |
| VS. | § | CIVIL ACTION NO. 9:20-cv-121 |
| ANITRA LINDLEY, ET AL. | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Keenan Dewayne Moore, an inmate formerly at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends denying plaintiff's motion for temporary restraining order.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. As set forth in the Report, plaintiff's transfer to another facility has rendered his claims for injunctive relief moot regarding the Polunsky Unit . *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Further, plaintiff has not carried his burden with respect to any of the elements required for injunctive relief.

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that the party will suffer irreparable harm if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) the granting of the preliminary injunction will not disserve the public interest. *See Planned Parenthood of Houston & Southeast Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Due to its extraordinary character, injunctive relief should not be granted unless the party seeking relief has clearly carried the burden of persuasion as to all four elements. *PCI Transportation Inc. v. Fort Worth & Western Railroad Co.,* 418 F.3d 535, 545 (5th Cir. 2005).

In order to establish a claim for deliberate indifference to health and safety, plaintiff must show prison officials were "deliberately indifferent" to the health or safety needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). "[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety ... the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Plaintiff has not clearly shown the defendants were aware he faced a substantial risk of serious harm and disregarded the risk by failing to take reasonable measures to abate it. Further, plaintiff has not shown conduct rising "to the level of egregious intentional conduct." *See Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Mere disagreement with the course of treatment provided does not amount to deliberate indifference. *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997). Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Even "gross negligence" does not establish deliberate indifference. *Hernandez v. Tex. Dep't of Prot. and Reg. Servs.,* 380 F.3d 872, 882 (5th Cir. 2004). Absent exceptional circumstances, a prisoner's disagreement with his medical treatment is not actionable under § 1983. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Thus, plaintiff has not clearly carried his burden with respect to his claims.

Here, plaintiff has not clearly carried his burden with respect to any of the required elements, but has particularly failed to satisfy the first two prongs. As previously set forth, plaintiff has failed to show a substantial likelihood of success on the merits. Further, plaintiff has failed to establish that a substantial threat exists that irreparable harm will result if relief is not granted. Accordingly, his motion for injunctive relief should be denied.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. It is therefore

**ORDERED** that plaintiff's motion for temporary restraining order (#43) is **DENIED**.

**SIGNED** this the **3** day of **March, 2022.**

_____
Thad Heartfield
United States District Judge