IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KEENAN DEWAYNE MOORE | § | |
| VS. | § | CIVIL ACTION NO. 9:20-cv-121 |
| ANITRA LINDLEY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Keenan Dewayne Moore, an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings the above-styled lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Motion for Injunctive Relief

Plaintiff has filed a Motion for Preliminary Injunction (Doc. #87). Plaintiff complains that his property has been confiscated by officials at the Eastham Unit as the result of him engaging in a fight with another inmate. Additionally, Plaintiff claims he has been retaliated against for being a writ-writer. Plaintiff seeks to have his property returned to him. This Report considers the merits of Plaintiff's Motion.

Analysis

*Requirements for Issuance of Relief*

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that the party will suffer irreparable harm if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the party whom he seeks

to enjoin; and (4) the granting of the preliminary injunction will not disserve the public interest. *See Planned Parenthood of Hous. & Se. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Due to its extraordinary character, injunctive relief should not be granted unless the party seeking relief has clearly carried the burden of persuasion as to all four elements. *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.,* 418 F.3d 535, 545 (5th Cir. 2005).

Plaintiff has not clearly carried his burden with respect to any of the required elements, but has particularly failed to satisfy the first two prongs. Plaintiff requests injunctive relief against officials at the Eastham Unit to return his legal materials to him. The officials are not defendants in this action. Plaintiff has also failed to establish that a substantial threat exists that irreparable harm will result if relief is not granted. Plaintiff has filed an extensive amount of motions and replies in this case, demonstrating his continued ability to adequately prosecute this action. Additionally, Plaintiff has not clearly shown the defendants in this action violated his constitutional rights. Therefore, his Motion should be denied.

## Recommendation

Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order should be denied.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 28th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE