IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KEENAN DEWAYNE MOORE | § | |
| VS. | § | CIVIL ACTION NO. 9:20-cv-121 |
| ANITRA LINDLEY, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Keenan Dewayne Moore, an inmate formerly confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings the above-styled lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### The Defendants' Motion to Dismiss

Pending before the court is the Defendants' Motion to Dismiss (doc. #114) in which the Defendants move to dismiss the above-styled action pursuant to FED. R. CIV. P. 41(b) and 16(f). The Defendants assert that Plaintiff has failed to comply with the court's orders to respond to their asserted defense of qualified immunity.

### Analysis

Fed. R. Civ. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

Plaintiff is proceeding *pro se* in this action. A review of the docket reveals that Plaintiff has filed several responses to the court's orders, including an objection to their Motion to Dismiss, and Plaintiff is attempting to prosecute this action. The record in this case does not support a finding of

purposeful delay or contumacious conduct, especially given Plaintiff's *pro se* status. Further, given that the events which form the basis of this lawsuit occurred more than two years ago, any dismissal at this stage would be a dismissal with prejudice, which the record does not support. *See Griggs v. S.G.E. Mgmt, L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). For these reasons, the Defendants' Motion to Dismiss should be denied.

### Recommendation

The Defendants' Motion to Dismiss should be denied.

### Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 26th day of February, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE